

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00074-CR
No. 02-19-00075-CR

_____

CLYDELL MARIE OLANIPEKUN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1381100D, 1380032D

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

In cause number 1381100D, appellant Clydell Marie Olanipekun pleaded guilty to aggravated robbery, and in cause number 1380032D, she pleaded guilty to a state-jail-felony count of theft. The trial court deferred adjudication in both causes, placing Olanipekun on community supervision for ten years in cause number 1381100D and for five years in cause number 1380032D. The State filed petitions to proceed to adjudication in both causes, alleging that Olanipekun had violated certain conditions of her community supervision. Both petitions set forth the alleged violations in separate paragraphs, with paragraphs one and two of the petition in cause number 1381100D being identical to paragraphs one and two of the petition in cause number 1380032D. The petition in cause number 1381100D, unlike the one in cause number 1380032D, contained a third paragraph alleging Olanipekun had committed a third violation of her community supervision in that case.

The trial court held a joint hearing on the State's petitions. At the hearing, Olanipekun pleaded not true to the first paragraph in both petitions, true to the second paragraph in both petitions, and true to the third paragraph in the petition in cause number 1381100D. The trial court found the allegations in the first paragraphs not true but found the allegations in the second paragraphs true. The trial court also found true the allegations in the third paragraph of the State's petition in cause number 1381100D. It then found Olanipekun guilty of aggravated robbery and theft

and sentenced her to confinement for fifteen years and one year, respectively, for those offenses. Olanipekun appealed.

Olanipekun's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Olanipekun of the motion to withdraw, provided her with a copy of the *Anders* brief, informed her of her right to file a pro se response, informed her of her pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate her review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Olanipekun filed a pro se response. The State filed a letter responding to counsel's *Anders* brief, stating that it agrees with counsel's assessment that this appeal is frivolous.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court must independently examine the record to see if any arguable ground may be raised on her behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the briefs and any pro se response. *See In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding). Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we

3

grant his motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Olanipekun's pro se response, the State's response, and the records in this case. We note that in his *Anders* brief, counsel notes a clerical error in the trial court's judgment adjudicating guilt in cause number 1380032D and asks us to modify that judgment to correct the clerical error. Specifically, counsel notes that the judgment incorrectly reflects that Olanipekun pleaded true to paragraph three in the State's petition in that cause.

As we noted above, unlike its petition in cause number 1381100D, the State's petition in cause number 1380032D did not contain a third paragraph alleging Olanipekun committed a third violation of the terms of her community supervision. The record from the hearing on the State's petitions affirmatively demonstrates that after Olanipekun pleaded not true and true, respectively, to the allegations in paragraphs one and two of the petitions in both causes, she then pleaded true to the allegations in paragraph three "in the agg[ravated] robbery case"—that is, cause number 1381100D. The record also shows that the trial court found Olanipekun pleaded true to paragraph three only in cause number 1381100D.

We may correct and modify the judgment of a trial court to make the record speak the truth when we have the necessary data and information to do so. *See Davis v. State*, No. 01-02-00404-CR, 2003 WL 139655, at *1 (Tex. App.—Houston [1st Dist.] Jan. 9, 2003, no pet.) (mem. op., not designated for publication) (modifying

4

judgment in *Anders* appeal to reflect proper plea). Accordingly, we modify the "<u>Plea to Motion to Adjudicate:</u>" portion of the trial court's judgment adjudicating guilt in cause number 1380032D by deleting the phrase "Paragraph Three-True."

Having modified the judgment adjudicating guilt in cause number 1380032D to correct the clerical error counsel identified, we agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the records before us that arguably might support them. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, affirm the trial court's judgment in cause number 1381100D, and affirm the trial court's judgment in cause number 1380032D as modified. *See* Tex. R. App. P. 43.2(a), (b).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 12, 2020